1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile: 510/823-4787

5  Attorneys for Plaintiff
   STEVE WHITE

**FILED**
MAR - 6 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

(G) 446

E-filing

ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STEVE WHITE,

   Plaintiff,

v.

MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT; AND DOES 1-10, INCLUSIVE,

   Defendants.
_____/

CASE NO. C09-00989 BZ
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 54, 54.1, 54.3 AND 55; and HEALTH & SAFETY CODE §§19955 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

GO 44 SEC. N
NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

   Plaintiff STEVE WHITE complains of defendants MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

   1.  **INTRODUCTION:** This case involves the denial of accessible public facilities, including parking, paths of travel, entrances, interiors, meeting rooms, public restrooms, and related facilities, to plaintiff and other disabled persons at the (former) Suzhou Restaurant (hereinafter sometimes "Restaurant"), located at 199 Park Place, Richmond, California. Plaintiff STEVE WHITE is a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

1 "person with a disability" or "physically handicapped person," due to paraplegia.
2 Plaintiff requires the use of a wheelchair for mobility and is unable to use
3 portions of public facilities which are not accessible to disabled persons,
4 including those who require the use of a wheelchair. Plaintiff was denied his
5 rights to full and equal access at these facilities, and was denied his civil rights
6 under both California law and federal law, because these facilities were not, and
7 are not now, properly accessible to physically disabled persons, including those
8 who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to
9 make these facilities accessible to disabled persons and to ensure that any
10 disabled person who attempts to use the subject Restaurant will be provided
11 properly disabled accessible facilities. Plaintiff also seeks recovery of damages
12 for his discriminatory experiences and denial of access and civil rights, which
13 denial is continuing as a result of defendants' failure and refusal to provide
14 disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory
15 attorney fees, litigation expenses and costs.

16     2. **JURISDICTION:** This Court has jurisdiction of this action
17 pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
18 of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and
19 related causes of action arising from the same facts are also brought under
20 California law, including but not limited to violations of California Government
21 Code §§ 4450 *et seq*.; California Health & Safety Code §§ 19953-19959;
22 California Civil Code §§ 54, 54.1 and 55; and Title 24 California Code of
23 Regulations.

24     3. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
25 and is founded on the fact that the real property which is the subject of this action
26 is located in this district and that plaintiff's causes of action arose in this district.

27     4. **INTRADISTRICT:** This case should be assigned to the San
28 Francisco/Oakland intradistrict as the real property which is the subject of this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -2-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk due to paraplegia and requires use of a wheelchair to assist him with locomotion. Defendants MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings and/or portions thereof located at 199 Park Place, Richmond, California. This Restaurant and its adjacent parking facilities are each a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 54 *et seq.* On information and belief, this Restaurant has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.* Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -3- S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

1 relevant to this Complaint. Plaintiff is informed and believes that each of the
2 defendants herein is the agent, employee or representative of each of the other
3 defendants, and performed all acts and omissions stated herein within the scope of
4 such agency or employment or representative capacity and is responsible in some
5 manner for the acts and omissions of the other defendants in proximately causing
6 the damages complained of herein. On information and belief, after the subject
7 visit to the Restaurant by plaintiff Steve White on December 5, 2008, defendants
8 Ming R. Shen and Xiao F. Zhou and Does 1-10 changed the name of the Suzhou
9 Restaurant to the Vegan International Restaurant, but continue to own, operate
10 and maintain the Restaurant premises and facilities in an inaccessible condition as
11 to all aspects specified and complained of in this Complaint.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**

16  8.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

19  9.  Plaintiff Steve White and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

25  10.  Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -4-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject Restaurant, located at 199 Park Place, Richmond, California, and to the parking facilities and exterior paths of travel in the adjacent parking lot. The codes relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject building and to its parking facilities during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq*.

11. **FACTUAL STATEMENT:** On or about December 5, 2008, plaintiff Steve White drove to the Suzhou Restaurant located at 199 Park Place, in Richmond, California. Plaintiff, a paraplegic, drove to the Restaurant in his disabled licensed vehicle with hand controls, for an important business meeting with other members of his company and with prospective clients. He was told that the meeting would be meeting in a room at the Restaurant. When plaintiff arrived he found that there were no properly designated or configured disabled parking spaces. Nevertheless, plaintiff parked his vehicle and managed to enter the Restaurant, although there was no kickplate on the entry door and other statutory violations on the entry ramp and landing made entry more difficult.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -5-     S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

12. On entering the Restaurant plaintiff inquired about the meeting he was scheduled to attend and for which he was a scheduled speaker: Plaintiff was scheduled to make a presentation to a group of prospective clients for his company at a "Valentine Wealth Management" luncheon workshop being held at the Suzhou Restaurant. However, plaintiff discovered that the Restaurant had scheduled the luncheon workshop in a downstairs meeting room on a floor that was inaccessible to disabled persons and not accessed by an elevator: the only way to reach the workshop was to descend 18 (eighteen) stairs. Plaintiff, a paraplegic wheelchair user, was unable to descend 18 stairs and, to his disappointment, frustration, embarrassment and humiliation, was unable to make his presentation, and was forced to miss this important meeting and opportunity to gain new clients and advance his own position at his company. This experience also damaged plaintiff's relationship with his employer, to his economic damages. Further, while plaintiff was waiting at the top of the stairs so he could send a message to his colleagues about his humiliating exclusion from the meeting due to these unanticipated architectural barriers, plaintiff experienced a need to use the restroom, and inquired as to the location of the restroom facilities. He was told that the only restrooms were also located down the 18 stairs. Angry and humiliated, and in acute physical discomfort, plaintiff had to leave the Restaurant to seek restroom facilities elsewhere, all to his physical, mental and emotional injuries, and to his damages, according to proof.

13. These public facilities are inaccessible to persons with disabilities in multiple aspects, including but not limited to the following: the lack of the required number, location and configuration of accessible and van-accessible parking facilities; inaccessible paths of travel from all parking spaces to the Restaurant; entry problems at the Restaurant as to entry ramp, door weight and hardware, landing size and slope; and inaccessible public restrooms located down stairs from the Restaurant's main floor; all rendering these premises illegally

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -6-     S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1 inaccessible to and unuseable by physically disabled persons, including plaintiff. All facilities must be brought into compliance with all applicable federal and state statutory and regulatory requirements.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use the Restaurant and its facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to return

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -7-    S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

and patronize the Restaurant once legally required access has been provided. Plaintiff has also been deterred from patronage of the Restaurant by its lack of properly accessible facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

17. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code § 54.3, including general, special, and statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

19. **TREBLE DAMAGES** - Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -8-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

and 54.3. At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons. Further defendants knew that some of the Restaurant's patrons would be and were physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, defendants installed and maintained the physical barriers complained of. On information and belief, defendants have scheduled public meetings in downstairs meeting rooms despite knowing that all disabled wheelchair users would be excluded from entry and use. Defendants have also knowingly maintained public restrooms on this same totally inaccessible downstairs area, and with inaccessible facilities inside the restrooms. On information and belief, defendants failed to remove these barriers even after complaints to defendants' employees by plaintiff and other disabled persons, and have failed to provide properly accessible facilities as required by state and federal law. Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with physical mobility disabilities attempt to patronize the subject public facilities and encounter illegal barriers when they do so.

20. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have failed and refused to rectify these violations, and presently continue a course of conduct of failure to remove architectural barriers that discriminate against plaintiff and similarly situated disabled persons.

21. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

costs in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 *et seq.*

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 USC §12101.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -10-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

1   24.  In passing the Americans with Disabilities Act of 1990 (hereinafter
2   "ADA"), Congress stated as its purpose:

   It is the purpose of this Act

   (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

   (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

   (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

   42 USC § 12101(b).

   25.  As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink." § 301(7)(B).

   26.  The ADA clearly states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

   <u>§ 302(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -11-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

27. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards § 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

28. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

29. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

//

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -13-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

1  WHEREFORE, plaintiff prays for damages and injunctive relief as
2  hereinafter stated.

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to California Civil Code §3291;

6. Grant such other and further relief as this Court may deem just and proper.

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -14-   S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd

1  Dated: March 6, 2009                    LAW OFFICES OF PAUL L. REIN

                                           By PAUL L. REIN
                                           Attorneys for Plaintiff
                                           STEVE WHITE

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: March 6, 2009                       LAW OFFICES OF PAUL L. REIN

                                           By PAUL L. REIN
                                           Attorneys for Plaintiff
                                           STEVE WHITE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\CASES\S\SUZHOU\PLEADINGS\SUZHOU.CMP.wpd