PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
STEVE WHITE

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT; AND DOES 1-10, INCLUSIVE,<br><br>    Defendants._____/ | CASE NO. C09-0989 BZ<br>Civil Rights<br><br><br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

1.       Plaintiff STEVE WHITE filed a Complaint in this action on March 6, 2009, to obtain recovery of damages for his discriminatory experiences, denial of

access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT, relating to the condition of their public accommodations as of Plaintiff's visit on or about December 5, 2008 and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at Suzhou Restaurant located at 199 Park Place, Richmond, CA 94945.

2. Defendants MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged

violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55; and Title 24, California Code of Regulations.

4.         In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

        WHEREFORE, the parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.         This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or

California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

    a) **Remedial Measures:** The parties agree that defendants will make the following remediations:

        i. Post signage from Park Place entry to the facility, indicating the location of the accessible entrance to the facility.

        ii. Install striping from public right of way to entry to the facility to create a 48" wide path of travel.

        iii. Install an automatic door opener to the main entry doors.

        iv. Tack down/attach all mats to the floor.

        v. Install compliant kick plates on both sides of the entry door.

        vi. Move the coffee table in waiting area and any other furniture to provide path of travel of at least 36" wide

       throughout the restaurant and bar.

    vii. Construct an accessible unisex restroom on the upper level of the restaurant.

    viii. Defendant will inform the current restaurant tenant in writing, and add a clause to each lease signed after the date this Consent Decree is signed, requiring restaurant tenants to inform anyone inquiring about renting the banquet room that the banquet room and downstairs restrooms are not accessible to persons with disabilities.

  b) **Timing of Injunctive Relief:** For work not requiring building permits, defendant will complete the work within 120 days of entry of this Consent Decree and Order by the Court. For work requiring building permits, defendants will submit plans for all corrective work to the appropriate governmental agencies within 120 days of the entry of this Consent Decree and Order by the Court. Defendants will commence work within 30 days of receiving approval from the appropriate agencies. Defendants will complete the permitted work within 180 days of commencement. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's

counsel in writing when all the corrective work is completed, and in any case will provide a status report no later than 180 days from the entry of this Consent Decree and Order.

## SETTLEMENT OF DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:

8 The parties have not reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.

## COMPLIANCE

9. If defendants fail to comply with any provision of this Consent Decree they will pay plaintiff's reasonable attorney fees, costs and litigation expenses incurred in enforcing the terms of this Consent Decree.

**ENTIRE CONSENT ORDER:**

10. This Consent Decree and Order constitutes the entire agreement between the signing parties on the matters of injunctive relief. No other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Consent Decree and Order shall be binding on Plaintiff STEVE WHITE and upon all defendants, including MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT; and any successors in interest. Defendants have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's

jurisdiction of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

12. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, and excluding plaintiff's pending claims for statutory damages, attorney fees, litigation expenses and costs, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and

Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

13. Except for all obligations required in this Consent Decree and Order, and exclusive of the referenced continuing claims for damages, attorney fees, litigation expenses and costs, each of the parties to this Consent Decree and Order, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature,

presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for twelve (12) months after the date of this Consent Decree and Order, or until the injunctive relief is completed, whichever occurs later.

15. The Parties request the Court not dismiss this case because the issues of damages and attorney fees, litigation expenses and costs remain unresolved.

**SEVERABILITY:**

16. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2010    PLAINTIFF STEVE WHITE

_____
STEVE WHITE


Dated: _____, 2009    DEFENDANTS MING R. SHEN and XIAO F. ZHOU dba SUZHOU RESTAURANT

By: _____

Printed Name: _____


APPROVED AS TO FORM:

Dated: _____, 2010    PAUL L. REIN, ESQ.
CELIA McGUINNESS, ESQ.
CATHERINE M. CABALO, ESQ.

LAW OFFICES OF PAUL L. REIN

By: _____
    Celia McGuinness, Esq.
    Attorneys for Plaintiff STEVE WHITE

Dated: _____, 2010    LAW OFFICES OF GEORGE HOLLAND

By:_____
    George Holland, Esq.
    Attorneys for Defendants MING R. SHEN and
    XIAO F. ZHOU dba SUZHOU RESTAURANT

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: March, 2010    _____
    Honorable BERNARD ZIMMERMAN
    United States Magistrate Judge