UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHITE, | |
| Plaintiff(s), | No. C09-0989 BZ |
| v. | **ORDER RECONSIDERING AWARD OF ATTORNEY FEES** |
| MING R. SHEN, et al., | |
| Defendant(s). | |

Plaintiff's motion for reconsideration is **GRANTED IN PART**. The Court inadvertently read plaintiff's concession not to seek fees for the reply to the attorney's fee motion to mean that plaintiff was not seeking fees for any portion of the attorney's fee motion.

That said, the Court is not prepared to award all the claimed fees. Though they are not separately broken out, they appear to be as follows:

| | | |
|---|---|---|
| Paul Rein, Esq. | 13.6 hrs@ $495/hr = | $6,732.00 |
| Celia McGuinness, Esq. | 2.6 hrs@ $395/hr = | $1,027.00 |
| Catherine Cabalo, Esq. | 0.6 hrs@ $330/hr = | $198.00 |
| Aaron Clefton, Law Clerk | 1.2 hrs@ $165/hr = | $198.00 |
| **Total Attorney fees:** | | **$8,155.00** |

1

|   |   |
|---|---|
| 1 | First, the motion for attorney's fees was unduly long, |
| 2 | and contained both boilerplate material and other material |
| 3 | unnecessary for the disposition of this motion.  As examples, |
| 4 | attached to Mr. Rein's declaration is a copy of the complaint |
| 5 | filed in this case as well as documents from other cases which |
| 6 | can be easily accessed electronically.  More egregiously, |
| 7 | there is substantial discussion in the memorandum and in the |
| 8 | declaration about George Louie, which I regard as largely |
| 9 | immaterial to this motion.  Moreover, since my view is that it |
| 10 | was not necessary to have multiple attorneys working on this |
| 11 | case, I am not prepared to pay for the time sought in |
| 12 | recovering their fees.  Finally, I see no reason why Mr. Rein |
| 13 | had to spend so much time preparing this fee motion; it could |
| 14 | have been done by a more junior attorney.  I note that much of |
| 15 | the moving papers is substantially similar to papers filed by |
| 16 | Mr. Rein in support of motions for attorney's fees in his |
| 17 | other ADA access cases.  See <u>Overbo and Brown-Booker v. Loews</u> |
| 18 | <u>California Theatres, Inc.</u>, 3:07-cv-05368 MHP, Docket No. 58 |
| 19 | (N.D. Cal. 2010); <u>Blackwell v. Foley</u>, 3:08-cv-019710 MHP, |
| 20 | Docket No. 37 (N.D. Cal. 2010).  Accordingly, I will award |
| 21 | plaintiff additional fees based on the hourly rate billed by |
| 22 | Celia McGuinness, $395 per hour, for 7 hours of work for a |
| 23 | total of $2765.00, which I find to be a reasonable amount of |
| 24 | time for this motion.[1] |

---

[1] This $2765.00 is in addition to the $28,431.00 in fees and $8,637.00 in costs already awarded plaintiff (Docket No. 39), which included time billed by Ms. McGuinness and Mr. Clefton for their work on the attorney's fees motion.  The additional award is for time spent by Mr. Rein on the fees motion.

2

It is **ORDERED** that the motion is otherwise **DENIED**.

Dated: January 25, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WHITE V. SHEN\ORDER RECONSIDERING AWARD OF ATTY FEES.BZ.wpd

3