UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHITE, | ) |
| | ) |
|     Plaintiff(s), | )   No. C09-0989 BZ |
| | ) |
|   v. | ) |
| | )   **ORDER GRANTING JOINT MOTION** |
| MING R. SHEN, et al., | )   **TO VACATE** |
| | ) |
|     Defendant(s). | ) |

The parties have jointly moved the Court to vacate this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs and the Order Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration Under Local Rule 7-9. Docket Nos. 39 & 43. With the assistance of the Ninth Circuit's mediation program, on June 30, 2011, the parties reached a tentative settlement conditioned on vacatur by the District Court of these two Orders. Upon vacatur the plaintiff will dismiss the appeal with prejudice. Docket No. 49 at 4.

Federal Rule of Civil Procedure 60(b)(5), which provides that, "the court may relieve a party or its legal

1

representation from a final judgment, order, or proceeding" where "the judgment has been satisfied, released or discharged," serves as a basis for a district court's vacation of orders. However, it does not establish what standards should be employed in deciding when to allow relief. Am. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1168 (9th Cir. 1998).  Although the Court may vacate an order upon settlement there is no requirement to do so; otherwise "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." Ringsby Truck Lines, Inc. v. W. Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982).  The district court has "equitable discretion when reviewing its own judgments." Am. Games, 142 F.3d at 1170.

Where the basis for vacatur occurs by happenstance, vacatur may be appropriate, but when it is caused by voluntary action, closer analysis is required. Id. at 1168.  The Ninth Circuit requires courts to employ an "equitable balancing test," under which it might decide whether to vacate its ruling in light of: (1) the consequences and attendant hardships of dismissal or refusal to dismiss, and (2) the competing values of finality and the right to re-litigation of unreviewed disputes. Id. at 1168-9; Dilly v. Gunn, 64 F.3d 1365, 1371 (9th Cir. 1995).  In the context of a settlement, other courts have refined these factors to include the parties' desire to avoid any potential preclusive effect; the parties' interest in conserving their resources; the public interest in the orderly operation of the federal judicial system; and the potential to conserve judicial resources.

Ohio Willow Wood Co. v. Thermo-Ply, Inc., 769 F.Supp.2d 1065 (E.D. Tex. 2011). Ultimately, the Court must "weigh the equities and determine whether it should vacate its own judgment." Mayfield v. Dalton, 109 F.3d 1423, 1427 (9th Cir. 1997). Unfortunately, the parties addressed virtually none of these factors in their motion, leaving the analysis to the Court.

    I begin by considering the consequences and attendant hardships of dismissal or refusing to dismiss. If I vacate, the parties avoid the further cost of an appeal. As both sides have limited resources and this settlement reduces the cost to both parties, this seems desirable. And the settlement is apparently of an amount that the defendant can afford to pay and avoid bankruptcy.

    The need to conserve judicial resources cuts both ways. While settlement will conserve the resources the Ninth Circuit would have expended in deciding the appeal, the issues are not particularly complex. At the same time, vacating these orders might require other courts in the future to consider anew some of these issues. This factor is somewhat neutral.

    Of greater concern is the public interest in the finality of rulings and the orderly operation of the judicial system. Substantial effort went into the preparation of the orders at issue. In part this was because of my desire to provide some guidance to parties engaged in similar disability access cases, about the background and goals of General Order No. 56 and about recurring attorney's fees issues which have at times been obstacles to achieving the goals of the Americans with

1  Disabilities Act. (Doc. 39, p.2).  In fact, when I asked
2  counsel for plaintiff why she wanted the Orders vacated, she
3  replied to the effect that the Orders were being discussed
4  during settlement discussions in other cases.  While, ruling
5  of a district court is not binding precedent on other District
6  Court judges, U.S. v. Articles of Drug Consisting of 203 Paper
7  Bags, 818 F.2d 569, 572 (7th Cir. 1987)(citing Colby v. J.C.
8  Penny Co., 811 F.2d 1119, 1124 (7th Cir. 1987)), the principal
9  order at issue has been published electronically by both
10 Westlaw, 2011 WL 249459, and Lexis, 2011 U.S. Dist. LEXIS
11 2174.  It is also available on the court's docket to anyone
12 who has a computer and access to PACER.  Any persuasive
13 guidance my orders may have for other parties and other courts
14 is already available.  See Ohio Willow Wood Co. v. Thermo-Ply,
15 Inc., 2011 WL 382569 (E.D. Tex. 2011).
16      Balancing all of these factors, I conclude that the
17 overriding factor is the beneficial effect of the settlement
18 on the parties, especially on the defendant concerned about
19 bankruptcy absent a settlement.  This outweighs the other
20 factors I have considered.
21      That said, I remain concerned with the potential effect
22 on the public interest.  The Supreme Court has noted that the
23 Court must "take account of public interest. U.S. Bancorp
24 Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 26
25 (1994). The public interest in the Orders remains the same as
26 when I issued them.  Therefore, I want to make it clear that
27 although vacatur seems to be the appropriate course of action
28 based on the weighing of the equitable factors, I have not

4

changed my mind regarding the substance of the vacated Orders.

For the foregoing reasons, **IT IS ORDERED** that the joint motion to vacatur is **GRANTED**.

Dated: July 13, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WHITE V. SHEN\ORDER GRANTING JOINT MOT TO VACATE.BZ VERSION.wpd

5